UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLYDE E.L. MANSFIELD,
   Petitioner

vs.

FEDERAL BUREAU OF PRISONS,
et al.,

   Respondents

No. 4:CV-10-1220

(Petition Filed 6/09/10)

(Judge Muir)

**MEMORANDUM AND ORDER**

**June 23, 2010**

  Clyde Mansfield, an inmate confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania, initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with the petition, Mansfield filed an application for leave to proceed in forma pauperis. Petitioner seeks the expungement of an incident report he received for "use of the telephone for abuses other than criminal activity." (Doc. 1, petition). For the reasons outlined below, the petition will be denied.

**Background**

  On May 4, 2010, at approximately 7:30 p.m., petitioner was served with an Incident Report for Use of the Telephone for

Abuse other than Criminal Activity, a violation of Disciplinary Code Section 297. (Doc. 1, Incident Report). Specifically, the Incident Report, written by J. Berkihiser, Special Investigative Technician, states the following:

> On May 3, 2010, at 9:00 p.m., while conducting a review of inmate telephone and email accounts, I discovered that inmate Clyde Mansfield, #04216-000, had circumvented the Bureau of Prisons, Inmate Telephone System, by setting up an account with Spain Telecom, Inc., support@glovip.com, clients@glovip.com, (845)326-5300. Mansfield started contacting this company on January 25, 2010 while using the TRULINCS email and inquired about getting a local telephone number so he didn't have to call 011-63-905-205-0565. On February 9, 2010, Mansfield sent $25 to the company to pay the bill. On February 22, 2010, Mansfield sent Spain Telecom Inc., the contact information: Jennifer Capistrano, Phillipine, 011-63-905-205-0565. On February 23, 2010, Spain Telecom Inc., notified Mansfield via email, stating the new number would be 1-570-264-0011. From February 11, to February 16, 2010, Mansfield contacted the company by telephone to address questions and account information with a representative of the company. From February 27, 2010 to May 2, 2010, Mansfield has been utilizing the 570 telephone number a total of 12 times.

(Doc. 1, Incident Report). On May 27, 2010, Mansfield was sanctioned to six months suspension of telephone privileges. (Doc. 1, petition).

On June 9, 2010, Mansfield filed the instant petition for writ of habeas corpus in which he seeks "this Court order Defendants to immediately end the policies and practices prohibiting inmates friends and families from subscribing to the telephone service of their choice" and "to immediately dismiss the incident report and the associated sanctions with prejudice." (Doc. 1, petition).

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

3

the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall. . .deprive any person of life, liberty, or property, without due process of law. . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected

4

liberty or property interest, it is unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred. In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), where the plaintiffs were deprived of good time credits as a severe sanction for serious misconduct, the Supreme Court held that such inmates had various procedural due process protections in a prison disciplinary proceeding, including the right to call witnesses and to appear before an impartial decision-maker.[1]

---

1. In Wolff, the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed. Id. at 563-71. The Supreme Court set forth five requirements of due process in a prison disciplinary proceeding: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. Id.

An additional procedural requirement was set forth in Superintendent, Massachusetts Correctional Inst. at Walpole
(continued...)

While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir.2002) (citing Sandin v. Conner, 515 U.S. 472, 486(1995)). Mansfield's loss of telephone privileges do not invoke the same due process protections. See Torres, 292 F.3d at 150-51. Additionally, these punishments cannot be challenged under § 2241 because in no manner do they affect the fact or length of his sentence or confinement. See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir.2002).

Moreover, it is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriquez, 411 U.S. 475 (1973). To the extent that Mansfield challenges Defendants' "policies and practices prohibiting inmates friends and families from subscribing to the telephone service of their choice" this claim does not

---

(...continued)
v. Hill, 472 U.S. 445, 453-56 (1985). In that case, the Court held that there must be some evidence which supports the conclusion of the disciplinary tribunal.

"challenge the very fact or duration of the confinement itself." <u>Leamer v. Fauver</u>, 288 F.3d 532 (3d Cir. 2002). Therefore, it is inappropriately raised in a habeas corpus petition and will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

                                                          /s/ Muir
                                            MUIR
                                            United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLYDE E.L. MANSFIELD,
      Petitioner

    vs.

FEDERAL BUREAU OF PRISONS,
et al.,

      Respondents

No. 4:CV-10-1220

(Petition Filed 6/09/10)

(Judge Muir)

**ORDER**

June 23, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing the petition for writ of habeas corpus.

2. The petition for writ of habeas corpus, (Doc. 1) is **DENIED**.

3. The Clerk of Court is directed to **CLOSE** this case.

                                          /s/ Muir
                                  MUIR
                                  United States District Judge